**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **THE ESTATE OF ROSA URRUTIA,** | § | |
| **by and through its personal** | § | |
| **representative, ALPHONZO** | § | |
| **LINCOLN HOWARD III, as** | § | |
| **independent administrator of her** | § | |
| **estate, and ALPHONZO LINCOLN** | § | |
| **HOWARD III as wrongful death** | § | **CIVIL ACTION NO._____** |
| **beneficiary** | § | |
| | § | |
|      **PLAINTIFF,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **WAL-MART STORES TEXAS, LLC** | § | |
| | § | |
|      **DEFENDANT.** | § | |

---

**INDEX OF STATE COURT PLEADINGS AND FILING DATES**

---

| TAB | DOCUMENT | DATE |
|---|---|---|
| 1. | State Court Docket Sheet of the 13th Judicial District Court, Navarro County, Texas for Cause No. D22-30371-CV | 04/29/2022 |
| 2. | Plaintiff's Original Petition | 03/24/2022 |
| 3. | Citation Issued to Defendant Wal-Mart Stores Texas, LLC | 03/29/2022 |
| 4. | Service of Process on Defendant Wal-Mart Stores Texas, LLC | 03/30/2022 |
| 5. | Defendant's Wal-Mart Stores Texas, LLC's Original Answer to Plaintiff's Original Petition | 04/25/2022 |

# TAB NO. 1

# REGISTER OF ACTIONS

## CASE NO. D22-30371-CV

| The Estate, of Rosa Urrutia, by and through its personal representative, Alphonzo Lincoln Howard III as wrongful death beneficiary vs Wal-Mart STORES TEXAS, LLC | § § § § § | | |
|---|---|---|---|
| | | Case Type: | **Injury/Damage: Other Injury or Damage** |
| | | Date Filed: | **03/24/2022** |
| | | Location: | **District Court** |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Plaintiff** | **The Estate, of Rosa Urrutia, by and through its personal representative, Alphonzo Lincoln Howard III as wrongful death beneficiary**<br>12222 Merit Drive, Suite 1200<br>Dallas, TX 75251 | **Julie Wolf**<br>*Retained*<br>972-338-4477(W) |
| **Respondent** | **WAL-MART STORES TEXAS, LLC**<br>1999 BRYAN STREET, SUITE 900<br>DALLAS, TX 75201 | **DEREK S. DAVIS**<br>*Retained*<br>214-712-9500(W) |

---

### EVENTS & ORDERS OF THE COURT

| | **OTHER EVENTS AND HEARINGS** |
|---|---|
| 03/24/2022 | **Original Petition (Civil and Family)** |
| 03/29/2022 | **Citation**<br>*ISD WAL-MART STORES TX. LLC / EFILED TO ATTY* |
| 04/01/2022 | **Citation Return**<br>*03/30/22 @ 12:35 PM* |
| 04/25/2022 | **Answer**<br>*Defendant Wal-Mart Stores Texas, LLC's Original Answer to Plaintiff's Original Petition* |

---

### FINANCIAL INFORMATION

| | **Plaintiff** The Estate, of Rosa Urrutia, by and through its personal representative, Alphonzo Lincoln Howard III as wrongful death beneficiary | |
|---|---|---|
| | Total Financial Assessment | 358.00 |
| | Total Payments and Credits | 358.00 |
| | **Balance Due as of 04/29/2022** | **0.00** |
| 03/28/2022 | Transaction Assessment | 358.00 |
| 03/28/2022 | eFile Payment      Receipt # DC-182441      THE ESTATE OF ROSA URRUTIA, BY AND THROUGH ITS PERSONAL REPRESENTATIVE, ALPHONZO LINCOLN HOWARD III, AS INDEPENDENT ADMINISTRATOR OF HER ESTATE, AND ALPHONZO LINCOLN HOWARD III AS WRONGFUL DEATH BENEFICIARY | (221.00) |
| 03/28/2022 | STATE CREDIT | (137.00) |

# TAB NO. 2

Filed: 3/24/2022 11:46 AM
Joshua B. Tackett
District Clerk
Navarro County, Texas
By Yolanda Medrano Deputy

D22-30371-CV

CAUSE NO. _____

| | | |
|---|---|---|
| THE ESTATE OF ROSA URRUTIA, by and through its personal representative, ALPHONZO LINCOLN HOWARD III, as independent administrator of her estate, and ALPHONZO LINCOLN HOWARD III as wrongful death beneficiary *Plaintiff*, <br><br> v. <br><br><br> WAL-MART STORES TEXAS, LLC *Defendants*. | § § § § § § § § § § § § | IN THE DISTRICT COURT <br><br><br><br> 13th _____ JUDICIAL DISTRICT <br><br><br> NAVARRO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, The Estate of Rosa Urrutia, by and through its personal representative, Alphonzo Lincoln Howard III, as independent administrator of her estate and as wrongful death beneficiary (hereinafter referred to as "Plaintiff"), who files this Plaintiff's Original Petition against **WAL-MART STORES TEXAS, LLC** (hereinafter referred to as "Defendant"), and respectfully shows this Court as follows:

### I.   RULE 47 STATEMENT OF RELIEF

Plaintiff prefers to have this Honorable Judge, or a jury determine the fair amount of compensation for Plaintiff's damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in this Honorable Judge or jury's hands. However, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff is required to provide a statement regarding the amount of monetary relief sought. Accordingly, Plaintiff seeks monetary relief over

$1,000,000.00 and makes a demand for judgment for all the other relief to which the Plaintiff may deem themselves entitled.

## I.     **DISCOVERY CONTROL PLAN**

Plaintiff submits this action under Discovery Control Plan II, per Rule 190.3 of the Texas Rules of Civil Procedure.

## II.     **PARTIES AND SERVICE**

Plaintiff is a resident of Tarrant County, Texas.

Defendant Wal-Mart Stores, Texas LLC is a company doing business and/or owns property in the State of Texas. Defendant may be served by serving its registered agent, CT Corporation System located at 1999 Bryan St., Ste. 900, Dallas, Texas 75201. **Issuance of citation is requested at this time.**

## III.     **JURISDICTION**

This Court has jurisdiction as Plaintiff's damages exceed the minimum jurisdictional limits of this Court. The Court has personal jurisdiction over the Defendant as Defendant performed work, and/or hired personnel to perform work in Navarro County, Texas, and owns property.

## IV.     **VENUE**

Venue is proper in Navarro County, Texas, pursuant to 15.002 of the Texas Civil Practice and Remedies Code, because the facts that give rise to the causes of action occurred in Navarro County, Texas.

## II.     **FACTS**

At all times relevant, Defendant was the possessor in control of the property where Rosa Urrutia was injured located at 3801 W, TX-31, Corsicana, Texas. On May 10, 2020, Rosa Urrutia was patronizing the Wal-Mart, walking through the parking lot when she tripped and fell on a

divot/hole in the parking lot. The divot/hole was irregular in size, and deep enough for Ms. Urrutia's foot to get caught as she as walking. As a result, Ms. Urrutia suffered significant injuries, which she never recovered from and passed away. The personal representative of the estate and her rightful heir brings this lawsuit for damages that are more fully described below.

### III.     PREMISES LIABILITY

A premises owner or occupier has a duty to exercise reasonable care to make the premises safe for invitees. This duty can be satisfied by reducing or eliminating an unreasonable risk of harm created by a premises condition about which the property owner knew or should have known. This requires a premises owner or occupier to take whatever action is reasonably prudent under the circumstances to reduce or to eliminate the unreasonable risk from that condition. When such a duty is owed, the premises owner or occupier must either adequately warn of the dangerous condition or make the condition reasonably safe.

Plaintiff was an invitee on Defendant's premises as Plaintiff was patronizing Defendant's business. At the time of the incident, which forms the basis of this lawsuit, Defendant owned and/or controlled the premises. Thus, Defendant owed a legal duty to Rosa to warn or make safe any condition posing an unreasonable risk of harm of which the landowner had actual or constructive knowledge. A landowner is responsible not only for conditions of which he or she has actual knowledge, but also those of which he or she is deemed to have constructive knowledge. This means that the landowner *could* have discovered the condition with a reasonable inspection, even if the landowner failed to make an inspection.

The condition of the parking lot posed an unreasonable risk of harm to invitees such as Rosa Urrutia. The condition of the parking lot had been there for a significant amount of time, that a reasonable inspection would have revealed the condition. Wal-Mart had a duty to use reasonable

car4e to either warn Ms. Urrutia or make the condition in the parking lot safe, and Wal-Mart breached its duty of care to Ms. Urrutia by failing to take any action to warn or make safe the condition in the parking lot. After the fall, Wal-Mart filled in the divot in the parking lot with some sort of material or adhesive, and the divot is no longer there.

Defendant was guilty of negligence towards Rosa Urrutia in the following respects:

a.   Failing to keep the premises in a reasonably safe condition for Rosa Urrutia;

b.   Failing to inspect the premises to discover the hole/divot;

c.   Failing to maintain and repair the hole/divot;

d.   Creating the hole/divot;

e.   Failure to provide warning of the hole/divot; and

f.   Failure to take any action to eliminate or reduce the unreasonable risk of danger presented by the hole/divot.

Defendant's failure to use reasonable care was a proximate cause of Ms. Urrutia sustaining injuries, damages, and death as described below.

## V.   WRONGFUL DEATH DAMAGES

Plaintiff, individually, and as personal representative of the Estate of Rosa Urrutia, bring this cause of action pursuant to Chapter 71 of the Texas Civil Practices & Remedies Code as wrongful death beneficiary and as sole heir of the Estate of Rosa Urrutia.

Plaintiff is the sole surviving heir of Rosa Urrutia.

Plaintiff seeks a judgment against Defendant for any and all wrongful death damages which the law allows, both past and future, including, but not limited to:

a.   Pecuniary loss (meaning the loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value that the Plaintiff,

in reasonable probability, would have received from Rosa Urrutia had she lived);

b.      Loss of companionship and society (meaning the loss of the positive benefits flowing from the love, comfort, companionship, and society that Plaintiff, in reasonable probability, would have received from Rosa Urrutia had she lived);

c.      Mental anguish (meaning the emotional pain, torment, and suffering experienced by Plaintiff because of the untimely death of Rosa Urrutia); and

d.      Loss of inheritance (meaning the loss of the present value of the assets that Rosa Urrutia, in reasonable probability, would have added to the Estate and left at the natural death).

## VIII.   SURVIVAL DAMAGES

Plaintiff Alphonzo Lincoln Howard III, as personal representative of the Estate of Rosa Urrutia, also brings a survival cause of action pursuant to Chapter 71 of the Texas Civil Practice & Remedies Code on behalf of the Estate of Rosa Urrutia and/or the heir at law of Rosa Urrutia for damages including, but not limited to:

a.      Mental anguish in the past;

b.      Mental anguish in the future;

c.      Loss of Consortium in the past, including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services, and/or parental love;

d.      Loss of Consortium in the future, including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services, and/or parental love;

e.      Losses by virtue of the destruction of the parent-child relationship, including the

right to love, affection, solace, comfort, companionship, society, emotional support, and happiness;

Plaintiff seeks recovery of damages to the fullest extent allowable by law for survival cause of action owned by the Estate of Rosa Urrutia, pursuant to Chapter 71.021 of the Texas Civil Practice & Remedies Code. Plaintiff seeks a judgment against Defendant for any and all survival damages allowable by law including, but not limited to:

a.    Pain and mental anguish or conscious physical pain and emotional pain, torment, and suffering experienced by Rosa Urrutia before her death as a result of the occurrence in question;

b.    Medical expenses that are reasonable expense of the necessary medical and hospital care received by Rosa Urrutia for the treatment of the injuries sustained by her as a result of the occurrence in question; and

c.    Funeral and burial expenses of a reasonable amount for the funeral and burial of Rosa Urrutia reasonably suitable to his station in life.

## IV. U.S. LIFE TABLES

Plaintiff hereby gives notice to Defendant that Plaintiff intend to use the U.S. Life Tables as used by the U.S. Department of Health and Human Services.

## IX.    NOTICE OF INTENT

Plaintiff hereby give notice of intent to utilize any and all items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure 193.7.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff will respectfully request that Defendant be cited to appear and answer, and that on final trial, Plaintiff be awarded judgment against Defendant for the following:

a.   Actual damages herein, in an amount within the jurisdictional limits of the Court;

b.   Wrongful death damages, for Plaintiff's actual damages and claims, including but not limited to, pecuniary loss, both past and future, loss of companionship and society, both past and future, physical, mental and emotional pain, torment, anguish and suffering, both past and future, medical and other damages to wit: loss of enjoyment of life, loss of consortium, loss of household services, loss of support and services, physical and mental impairment, disfigurement, mental and physical disability, depression, lost wages, wage impairment, and lost earning capacity; all in an amount in excess of the minimum jurisdictional limits of this Honorable Court;

c.   Survival damages, including but not limited to, pain and mental anguish, medical expenses, funeral and burial expenses;

d.   Prejudgment interest at the highest rate allowed by law from the earliest time allowed by law;

e.   Interest rate on the judgment at the highest legal rate from the date of judgment until collected;

f.   Costs of Court;

g.   Post-Judgment Interest on all sums awarded herein at the highest legal rate until paid; and

h.  All such other and further relief at law and in equity to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**WOLF LAW, PLLC**
12222 Merit Drive, Suite 1200
Dallas, Texas 75251
Tel: 972-338-4477
Fax: 972-338-5044

By: _____
**JULIE WOLF**
Texas Bar No. 24051542
julie@wolflawpllc.com

# TAB NO. 3

## CITATION

State of Texas

Cause No. **D22-30371-CV**

The Estate, of Rosa Urrutia, by and through its
personal representative, Alphonzo Lincoln Howard III
as wrongful death beneficiary vs WAL-MART
STORES TEXAS, LLC

13TH DISTRICT COURT
NAVARRO COUNTY, TEXAS

TO:    WAL-MART STORES TEXAS, LLC
       1999 BRYAN STREET SUITE 900
       DALLAS, TX. 75201

**NOTICE TO DEFENDANT:   "You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexaLawHelp.org.** **"** *TRCP. 99*

You are hereby commanded to appear by filing a written answer to the Plaintiff's ORIGINAL PETITION at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable 13th District Court of Navarro County, at the Courthouse in said County in Corsicana, Texas. Said Plaintiff's Petition was filed in said court on March 24, 2022   in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Petition accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Corsicana Texas this 29th day of March, 2022.

---

**ATTORNEY FOR PLAINTIFF**
Julie Wolf
12222 Merit Dr Suite 1200
Dallas TX  75251



**CLERK OF THE COURT**
JOSHUA B. TACKETT
300 W. 3RD AVE., STE. 201
CORSICANA, TX. 75110
NAVARRO COUNTY, TEXAS

BY _Yolanda Medrano_ ___, DEPUTY

**PLAINTIFF NAME**
The Estate, of Rosa Urrutia, by
and through its personal
representative, Alphonzo
Lincoln Howard III as wrongful
death beneficiary

## OFFICER'S RETURN

CASE #: D22-30371-CV

Came to hand on the _____ day of _____ 20___ at _____ o'clock ___. M. and executed the _____ day of _____ 20___ by delivering to defendant _____ in person,  a true copy of this citation with a copy of the petition attached thereto on _____ day of _____ 20___ at _____ o'clock ___. M. at _____ in _____ County, Texas.

[ ] Not executed. The diligence use in finding defendant being _____

_____

[ ] Information received as to the whereabouts of defendant being _____

_____

Fees ........... $_____            _____ Sheriff / Constable / District Clerk

_____ County, Texas

By _____, Deputy

** Service by Rule 106 TRC if directed by attached Court Order

### Complete if you are a person other than a sheriff, constable, or clerk of the court.

My name is _____, my date of birth is _____, and my address is
_____.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(ID # & Expiration of Certification)

# TAB NO. 4

**CT Corporation**

**Service of Process Transmittal**
03/30/2022
CT Log Number 541318795

TO:     KIM LUNDY- EMAIL
        Walmart Inc.
        GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
        BENTONVILLE, AR 72712-3148

RE:     **Process Served in Texas**

FOR:    Wal-Mart Stores Texas, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: The Estate, of Urrutia Rosa, by and through its personal representative, Alphonzo Lincoln Howard III as wrongful death beneficiary // To: Wal-Mart Stores Texas, LLC |
| **DOCUMENT(S) SERVED:** | Citation, Return, Petition |
| **COURT/AGENCY:** | 13th Judicial District Court of Navarro County, TX<br>Case # D2230371CV |
| **NATURE OF ACTION:** | Wrongful Death - Slip/Trip and Fall - 05/10/2020 - Wal-Mart Stores located 3801 W, TX-31, Corsicana, Texas |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/30/2022 at 12:38 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after service |
| **ATTORNEY(S) / SENDER(S):** | Julie Wolf<br>Wolf Law, PLLC<br>12222 Merit Drive, Suite 1200<br>Dallas, TX 75251<br>972-338-4477 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/30/2022, Expected Purge Date: 04/04/2022<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                        Wed, Mar 30, 2022
**Server Name:**                 Steve Friedenthal

| Entity Served | WAL-MART STORES TEXAS, LLC |
|---|---|
| Case Number | D22-30371-CV |
| Jurisdiction | TX |

| Inserts | | |
|---|---|---|
| | | |



# TAB NO. 5

Filed: 4/25/2022 9:53 AM
Joshua B. Tackett
District Clerk
Navarro County, Texas
By Vicki Lewis Deputy

**CAUSE NO. D22-30371-CV**

| | | |
|---|---|---|
| THE ESTATE OF ROSE URRUTIA, by and through its personal representative, ALPHONZO LINCOLN HOWARD III, as independent administrator of her estate, and ALPHONZO LINCOLN HOWARD III as wrongful death beneficiary | § § § § § § § | IN THE DISTRICT COURT |
|     PLAINTIFF, | § § | |
| v. | § § | 13TH JUDICIAL DISTRICT |
| WAL-MART STORES TEXAS, LLC | § § | |
|     DEFENDANT. | § | NAVARRO COUNTY, TEXAS |

---

**DEFENDANT WAL-MART STORES TEXAS, LLC'S
ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, WAL-MART STORES TEXAS, LLC ("Defendant") in the above-styled and numbered cause, and files this Original Answer to Plaintiff's Original Petition, and in support hereof would respectfully show the Court the following.

## I.
## GENERAL DENIAL

1. Defendant denies each and every, all and singular, the material allegations made and contained in the Original Petition and any petition which Plaintiff may hereinafter file by way of amendment or supplement, and, in accordance with Texas law, demands that Plaintiff prove by a preponderance of the credible evidence each and every such allegation made and contained therein, or the prevailing standard of proof required by applicable law.

## II.
## AFFIRMATIVE DEFENSES

2. Pleading further, and in the affirmative, Defendant asserts the doctrine of

---

comparative causation as set forth in Chapter 33 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, which may bar any recovery by Plaintiff, or may in the alternative reduce the amount of recovery by Plaintiff based on the Plaintiff's own percentage of fault.

3.      Pleading further, if necessary, Plaintiff failed to mitigate Plaintiff's damages which may have resulted from the occurrence made the basis of this lawsuit.

4.      In the alternative, and without waiving the foregoing, Defendant affirmatively pleads the defense set forth in TEXAS CIVIL PRACTICE & REMEDIES CODE § 18.091, requiring Plaintiff to prove Plaintiff's loss of earning and/or loss of earning capacity in the form which represents Plaintiff's net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law.  *Id*.  Additionally, Defendant requests the Court to instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiff, if any, is subject to federal to state income taxes.

5.      Additionally, to the extent Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in § 41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.  Thus, recovery of medical or health care expenses incurred by Plaintiff, if any, are limited to the amount actually paid or incurred by or on behalf of Plaintiff.

6.      Pleading further, Defendant would show that it is entitled to a credit or offset equal to the amount of any and all sums that the Plaintiff has received, or may hereinafter receive, by way of settlement with any person or party. Alternatively, pursuant to Rule 48 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant contends that it is entitled to a proportionate reduction of any damages found against it based upon the percentage of negligence attributable to the settling tortfeasor, cross claimant, designated third party, or other party to this case.

7.      Pleading further, and in the affirmative, Defendant alleges Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in § 304.101 of the TEXAS FINANCE CODE and § 41.007 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

8.      Pleading further, and in the affirmative, Defendant invokes §41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE concerning Plaintiff's claim for the recovery of health care expenses and other related damages, past and future.

9.      Pleading further, and in the affirmative, Defendant asserts the doctrine of proportionate responsibility of TEXAS CIVIL PRACTICE & REMEDIES CODE Chapter 33, which may bar any recovery by Plaintiff, or may in the alternative, reduce the amount of recovery by Plaintiff based on Plaintiff's own percentage of fault.

10.      Pleading further, and in the affirmative, Defendant would show that the alleged occurrence made the basis of this lawsuit was the result of circumstances and/or events that were not of Defendant's own creation. Defendant would further show that it acted just as a similar situated reasonable premises owner would have acted under the same or similar circumstances surrounding the matters made the basis of this lawsuit.

11.      Pleading further, and in the affirmative, Defendant alleges that the injuries and damages alleged by Plaintiff may be due to Plaintiff's own negligence and recklessness in that Plaintiff's failure to exercise ordinary care proximately caused, in whole or in part, the alleged injuries and damages complained of by Plaintiff. Plaintiff's acts and omissions, whether taken together or separately, may be the sole proximate cause, or a proximate cause of the injuries and damages Plaintiff has alleged in this lawsuit. Any recovery by Plaintiff is therefore barred, or alternatively should be reduced in accordance with the applicable law.

12.      Pleading further, and in the affirmative, the injuries pled by Plaintiff may have

been caused, in whole or in part, by superseding and/or intervening causes, including preexisting conditions and/or injuries and subsequently occurring injuries and/or conditions that were not Defendant's own creation.

13.     Pleading further, if necessary, Plaintiff's claims may have been caused by an unavoidable accident, Act of God, or an occurrence without any fault on the part of Defendant.

14.     Pleading further and in the alternative, Defendant alleges that any claims for or recovery of exemplary damages against it violates the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and Sections 3, 13 and 19 of Article I of the Texas Constitution, because such claims as made are arbitrary, unreasonable, and violate Defendant's rights to due process and equal protection of the laws.

15.     Pleading further and in the alternative, to the extent any recovery of exemplary damages is found to be constitutional, Defendant invokes all the limitations upon damages and exemplary damages contained in Chapter 41 of the Texas Civil Practice & Remedies Code, both in terms of the maximum amount of damages that can be awarded pursuant to that statute and the procedural safeguards guaranteed by the referenced provisions.

16.     Pleading further and in the alternative, Defendant also invokes all other applicable state law, federal law, statutory and/or common-law caps or limitations on exemplary damages.

### III.
### NOTICE OF INTENT

17.     Defendant further places Plaintiff on notice pursuant to TEXAS RULE OF CIVIL PROCEDURE 193.7 that may use in pretrial proceedings or at trial any and all documents and tangible things produced in discovery by plaintiff.

### IV.
### DEMAND FOR JURY TRIAL

18.     In accordance with Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE,

Defendant hereby demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that Plaintiff take nothing by this suit against Defendant, that Defendant be discharged, and that the Court grant such other and further relief, both general and special, at law and in equity to which Defendant may be justly entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By:    */s/ Derek S. Davis*
       **DEREK S. DAVIS**
       Texas Bar No. 00793591
       Email:  Derek.Davis@CooperScully.com

900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Facsimile:  (214) 712-9540

**ATTORNEY FOR DEFENDANT**
**WAL-MART STORES TEXAS, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of April, 2022, a true and correct copy of the foregoing document was served on counsel of record *via* the Court's ECF filing service as follows:

**Julie Wolf**
Wolf Law, PLLC
12222 Merit Drive, Suite 1200
Dallas, Texas 75251
Telephone: (972) 338-4477
Facsimile:  (972) 338-5044
Service Email:  julie@wolflawpllc.com
**ATTORNEY FOR PLAINTIFF**

*/s/ Derek S. Davis*
**DEREK S. DAVIS**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Karri Minster on behalf of Derek Davis
Bar No. 793591
karri.minster@cooperscully.com
Envelope ID: 63854951
Status as of 4/25/2022 10:02 AM CST

Associated Case Party: The Estate, of Rosa Urrutia, by and through its personal representative, Alphonzo Lincoln Howard III as wrongful death beneficiary

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Wolf Law PLLC | | service@wolflawpllc.com | 4/25/2022 9:53:50 AM | SENT |

Associated Case Party: WAL-MART STORES TEXAS, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Derek Davis | | derek.davis@cooperscully.com | 4/25/2022 9:53:50 AM | SENT |
| Kim Denton | | kim.denton@cooperscully.com | 4/25/2022 9:53:50 AM | SENT |
| Karri Minster | | Karri.Minster@cooperscully.com | 4/25/2022 9:53:50 AM | SENT |